IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GUY ANDREW INMAN, JR., #1621918 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv241 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

Petitioner Guy Andrew Inman, Jr., an inmate confined in the Texas prison system, brings this petition for a writ of habeas corpus challenging his Collin County conviction. The cause of action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the petition should be dismissed as time-barred. Petitioner has filed objections.

On January 13, 2010, after pleas of guilty and pursuant to a plea bargain, Petitioner was sentenced to thirty (30) years of imprisonment for four counts of aggravated sexual assault of a child. He did not appeal the conviction, and it became final. More than five years later, he filed an application for a writ of habeas corpus in state court on April 13, 2015. The Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing on January 13, 2016.

The present petition was filed in the Southern District of Texas on April 2, 2016. The petition was transferred to this Court on April 7, 2016. The petition contains four claims of ineffective assistance of counsel. A recommendation was made to dismiss the petition as time-barred.

Petitioner's conviction became final thirty days after he was sentenced on January 13, 2010. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.

2000). The conviction became final on February 12, 2010. Petitioner had one year to file the present petition. 28 U.S.C. § 2244(d)(1)(A). The petition was due on February 12, 2011, in the absence of tolling provisions. It was not filed until April 2, 2016.

Petitioner filed an application for a writ of habeas corpus in state court on April 13, 2015. By then, the present petition was already time-barred by more than four years. The pendency of the state application did not effectively toll the deadline of February 12, 2011.

Petitioner's objections focus on equitable tolling. In particular, he stresses that he had serious medical problems from 2010-2014, including chronic kidney disease, congestive heart failure, coronary artery disease, diabetic mellitus, hypertension, hyperlipidemia and asthma. He had chronic kidney disease and congestive heart failure at the time he pled guilty. After his arrival at the Texas prison system, he spent considerable amount of time at the University of Texas Medical Branch in Galveston, Texas, where he had no access to a law library for inmates.

During early 2010, Petitioner contacted Tina Church, an individual who led him to believe that she was an attorney, who informed him she would assist him challenge his conviction. He later learned that she was a private investigator. On June 7, 2010, he wrote to the Actual Innocence Center at the University of Texas seeking help. He was told that he would be placed on the list for review. On December 18, 2013, he was advised that he was still on the list for review. He contacted Sam Adamo, an attorney, on February 29, 2012. Adamo accepted his case for review, but he advised Petitioner that he did not prepare writs in March 2013. Petitioner contacted current counsel on December 15, 2013. Counsel filed Petitioner's state application on April 13, 2015.

The Supreme Court held that the statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he

2

shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (citation omitted).

The individual facts of this case reveal that Petitioner made some efforts to pursue his rights, but his efforts cannot be viewed as diligent. The fact that he waited more than six years from the time he pled guilty to the time the present petition was filed simply cannot be ignored. Three years elapsed from the time he contacted the Actual Innocence Center until he wrote to them for an update. He wrote to counsel about the same time that he received the update, but an additional sixteen months elapsed before counsel filed a state application. These gaps in time must be considered in the context of the overall one year statutory deadline, and the Court cannot conclude that Petitioner pursued his rights diligently. With respect to the second prong, Petitioner had obstacles to overcome. Illness may warrant equitable tolling, but the Fifth Circuit has affirmed decisions denying equitable tolling on the basis of illness. *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013); *Hulsey v. Thaler*, 421 F. App'x 386, 389-90 (5th Cir. 2011). Petitioner has not shown that extraordinary circumstances stood in his way and prevented timely filing. The Court is of the opinion that equitable tolling does not save the present petition.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's

objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 4th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE